**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHOMARI SAEED,

Dock N **09_ 3314**

              **Plaintiff,**

**COMPLAINT**

-against-

**HURLEY, J.**

COUNTY OF NASSAU, NASSAU COUNTY
SHERIFF'S DEPARTMENT, SERGEANT JOSEPH
KREUTZ, in his official and individual capacity,
INVESTIGATOR DARRYL HENDERSON, in his official and
individual capacity, SERGEANT THOMAS SAITTA, in his official
and individual capacity, DEPUTY UNDERSHERIFF
LINDA LAGRECA, in her official and individual capacity,
CAPTAIN PETER DUDEK, in his official
and individual capacity,

U.S. DISTRICT COURT **ON, M.J**

★ JUL 2 9 2009 ★

BROOKLYN OFFICE

*JURY TRIAL IS DEMANDED*

           **Defendants.**

------------------------------------------------------------------------X

Plaintiff, SHOMARI SAEED, by and through his attorneys, the LAW OFFICES OF

FREDERICK K. BREWINGTON, as and for his complaint as of right against the Defendants, states

and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil action seeking monetary relief, including past and on going economic

loss, injunctive relief, declaratory judgment, compensatory and punitive damages, disbursements,

costs and fees) for violations of the Plaintiff's rights, brought pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (as amended), Title VI, 42 U.S.C. §2000(d), the Fair

Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., New York State Human Rights Executive Law

§ 296, Civil Rights Act, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, Equal Pay Act of

1963, as amended, Breach of Contract and other state causes of action.

2.      Specifically, the Plaintiff alleges that the Defendants, COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, in his official and individual capacity, INVESTIGATOR HENDERSON, in his official and individual capacity, SERGEANT SAITTA, in his official and individual capacity, DEPUTY UNDERSHERIFF LINDA LAGRECA, in her official and individual capacity, CAPTAIN PETER DUDEK, in his official and individual capacity, intentionally, knowingly and purposefully, negligently, carelessly, wantonly, recklessly, acting individually and in conspiracy with each other, sought to and did fail to properly supervise, promulgated policies and directed and encouraged its agents to carry out such policies which Defendants knew to be detrimental to Plaintiff, and did wrongfully deprive Plaintiff of his employment, position, promotion, advancement and title through a pattern of discrimination, retaliation, misrepresentation, misinformation, harassment and character assassination, and fostered an environment that allowed for Plaintiff to be harassed and discriminated against, creation of a hostile workplace, abuse and manipulation of laws, rules, and regulations on the basis of Plaintiff's race and color.

3.      Plaintiff SHOMARI SAEED alleges that Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, in his official and individual capacity, INVESTIGATOR HENDERSON, in his official and individual capacity, SERGEANT SAITTA, in his official and individual capacity, DEPUTY UNDERSHERIFF LINDA LAGRECA, in her official and individual capacity, CAPTAIN PETER DUDEK, in his official and individual capacity, together with their agents, servants and employees, purposefully and intentionally discriminated against Plaintiff based upon his race, color, religion,

2

perceived sexual orientation and in retaliation for having opposed discriminatory practices.

4.     Said acts were done knowingly with the consent and condonation of Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, in his official and individual capacity, INVESTIGATOR HENDERSON, in his official and individual capacity, SERGEANT SAITTA, in his official and individual capacity, DEPUTY UNDERSHERIFF LINDA LAGRECA, in her official and individual capacity, CAPTAIN PETER DUDEK, in his official and individual capacity together with their agents, servants and employees, with the intended and expressed purpose of punishing, silencing, isolating, removing and violating the rights of Plaintiff as protected by statutes, rules and regulations.  Said activity was known to government and policy makers and was accepted and supported as policy, practice and custom.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000(e).

6.     This Court is requested to exercise pendant jurisdiction with respect to Plaintiff's State law claim pursuant to 28 U.S.C. § 1367.

7.     Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391(b), based on the fact that the Plaintiff's residence and the place where the unlawful employment practices complained of in this Complaint occurred is Nassau County.

8.     In March of 2008, Plaintiff SHOMARI SAEED properly filed a charge of discrimination, with the New York State Division of Human Rights (hereinafter referred to as "SDHR"), which was cross-filed with United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") under Federal Charge No.: 520-2007-00171, against Defendants

3

COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT charging unlawful discriminatory practice relating to employment for discrimination based upon his race, color, , religion, perceived sexual orientation and retaliation for opposing discriminatory practices. More specifically, Plaintiff SHOMARI SAEED, alleged that the Defendants engaged in unlawful discriminatory practices in employment by denying equal terms, conditions and privileges of employment because of his race, color, religion, perceived sexual orientation and retaliation for opposing discriminatory practices through grievance procedures.

## PARTIES

9.      Plaintiff, SHOMARI SAEED, is an African-American male citizen of the United States and a resident of New York State. Plaintiff is perceived to be a homosexual and is a member of the Muslim Religion. Plaintiff has been employed by the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S DEPARTMENT from August 19, 1995.

10.     At all times hereinafter mentioned, Defendant, COUNTY OF NASSAU, was, and still is a municipal body of the State of New York, with offices of its Department of Law located at the County Executive Building, 1 West Street, Mineola, New York 11501. Said municipality exists and operates under and by virtue of the laws of the State of New York.

11.     Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT is a municipal division of Defendant COUNTY OF NASSAU, empowered to enforce ordinances, rules and regulations for the COUNTY OF NASSAU, its agencies and employees.  It is charged with overseeing the implementation of and compliance with County, State and Federal rules, civil service rules, laws and regulations, and further charged with acting according to said rules, regulations and laws.

12.     Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT is a local

4

commission and created to be autonomous agency which reports to the New York State Civil Service Commission. NASSAU COUNTY SHERIFF'S DEPARTMENT maintains offices located at 1200 Old Country Road, County of Nassau, State of New York. Said entity is empowered to enforce, prescribe and amend suitable rules and regulations for appointments, promotions, certifications and transfers, and is charged with overseeing the implementation of said rules and regulations, serving as their guardians to assure compliance.

13.     Defendant SERGEANT JOSEPH KREUTZ is a white male, and at all times relevant to this complaint, served/serves as a Sergeant in the Internal Affairs Department of the NASSAU COUNTY SHERIFF'S DEPARTMENT. Upon information and belief, Defendant KREUTZ, is a policymaker within the COUNTY OF NASSAU, interacts with other COUNTY OF NASSAU policymakers, and is charged with the duties of overseeing the NASSAU COUNTY SHERIFF DEPARTMENT'S employees and employee-management relations.

14.     SERGEANT JOSEPH KREUTZ is further charged with ensuring the implementation of, and compliance with, County, State and Federal rules, laws and regulations, and is further charged with acting according to said rules, regulations and laws.

15.     Upon strong information and belief, while serving as a Sergeant at the NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ was noticed about, and participated in, the systemic discrimination that occurred against Plaintiff and other African-American employees by the COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT and had the authority, power and capacity to end said systemic abuses, yet failed to do so.

16.     Defendant INVESTIGATOR HENDERSON is a black male, and at all times relevant

to this complaint, served/serves as an Investigator in the Internal Affairs Department of the NASSAU COUNTY SHERIFF'S DEPARTMENT. Upon information and belief, Defendant HENDERSON, is a policymaker within the COUNTY OF NASSAU, interacts with other COUNTY OF NASSAU policymakers, and is charged with the duties of overseeing the NASSAU COUNTY SHERIFF DEPARTMENT'S employees and employee-management relations.

17.  Defendant INVESTIGATOR HENDERSON is further charged with ensuring the implementation of, and compliance with, County, State and Federal rules, laws and regulations, and is further charged with acting according to said rules, regulations and laws.

18.  Upon strong information and belief, while serving as a Sergeant at the NASSAU COUNTY SHERIFF'S DEPARTMENT, INVESTIGATOR HENDERSON was noticed about, and participated in, the systemic discrimination that occurred against Plaintiff and other African-American employees by the COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT and had the authority, power and capacity to end said systemic abuses, yet failed to do so.

19.  Defendant SERGEANT SAITTA is a white male, and at all times relevant to this complaint, served/serves as a Sergeant in the Internal Affairs Department of the NASSAU COUNTY SHERIFF'S DEPARTMENT. Upon information and belief, Defendant SAITTA, is a policymaker within the COUNTY OF NASSAU, interacts with other COUNTY OF NASSAU policymakers, and is charged with the duties of overseeing the NASSAU COUNTY SHERIFF DEPARTMENT'S employees and employee-management relations.

20.  SERGEANT SAITTA is further charged with ensuring the implementation of, and compliance with, County, State and Federal rules, laws and regulations, and is further charged with

acting according to said rules, regulations and laws.

21.     Upon strong information and belief, while serving as a Sergeant at the NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT SAITTA was noticed about, and participated in, the systemic discrimination that occurred against Plaintiff and other African-American employees by the COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT and had the authority, power and capacity to end said systemic abuses, yet failed to do so.

22.     Defendant DEPUTY UNDERSHERIFF LINDA LAGRECA is a white female, and at all times relevant to this complaint, served/serves as an UnderSheriff at the NASSAU COUNTY SHERIFF'S DEPARTMENT. Upon information and belief, Defendant LAGRECA, is a policymaker within the COUNTY OF NASSAU, interacts with other COUNTY OF NASSAU policymakers, and is charged with the duties of overseeing the NASSAU COUNTY SHERIFF DEPARTMENT'S employees and employee-management relations.

23.     DEPUTY UNDERSHERIFF LINDA LAGRECA is further charged with  ensuring the implementation of, and compliance with, County, State and Federal rules, laws and regulations, and is further charged with acting according to said rules, regulations and laws.

24.     Upon strong information and belief, while serving as Deputy UnderSheriff at the NASSAU COUNTY SHERIFF'S DEPARTMENT, DEPUTY UNDERSHERIFF LINDA LAGRECA was noticed about, and participated in, the systemic discrimination that occurred against Plaintiff and other African-American employees by the COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT and  had the authority, power and capacity to end said systemic abuses, yet failed to do so.

7

25. Defendant CAPTIAN DUDEK is a white male, and at all times relevant to this complaint, served/serves as a Captain and served in the Human Resources Department and in Internal Affairs Department of the NASSAU COUNTY SHERIFF'S DEPARTMENT. Upon information and belief, Defendant KREUTZ, is a policymaker within the COUNTY OF NASSAU, interacts with other COUNTY OF NASSAU policymakers, and is charged with the duties of overseeing the NASSAU COUNTY SHERIFF DEPARTMENT'S employees and employee-management relations.

26. CAPTAIN DUDEK is further charged with ensuring the implementation of, and compliance with, County, State and Federal rules, laws and regulations, and is further charged with acting according to said rules, regulations and laws.

27. Upon strong information and belief, while serving as a Sergeant at the NASSAU COUNTY SHERIFF'S DEPARTMENT, CAPTAIN DUDEK was noticed about, and participated in, the systemic discrimination that occurred against Plaintiff and other African-American employees by the COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT and had the authority, power and capacity to end said systemic abuses, yet failed to do so.

## FACTUAL ALLEGATIONS

28. Plaintiff SHOMARI SAEED is an African-American Muslim male, who upon information and belief, is perceived to be homosexual, and who has served as an Investigator at the Nassau County Sheriff's Department for the past fourteen (14) years.

29. Plaintiff began his full-time employment with the Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT as a Correction Officer in or about August of 1995.

8

30. In or around 2004, Plaintiff's title changed to Investigator began his full-time employment with the Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT as a Correction Officer I on or about November of 1994 .

31. On November 6, 2006, Claimant was sitting at his desk preparing a narrative for a case when he was approached by Sergeant Joseph Kreutz. Sergeant Kreutz began asking sexually explicit questions/comments "have you had a finger inserted up your rectum and had it massaged?" Claimant was very offended, uncomfortable and embarrassed by this statement so he immediately attempted to change the subject to the narrative that he was preparing. Investigator Robert Pierce was present and overheard the statements made by Sergeant Kreutz and witnessed the subsequent conversation that involved inmate Babb, he immediately pulled up a chair adjacent to Sergeant Kreutz, but not facing Claimant.

32. At some point in time, Investigator Pierce began asking Claimant if he had ever seen Babb's penis and whether he knew the size of his penis. Once again, Claimant was offended, uncomfortable and embarrassed at this sexual harassment and Claimant responded by stating that these facts are irrelevant to the case. Investigator Pierce carried on with the sexual harassment by stating while working in security he had seen inmate Babb's penis, and witnessed him masturbating in his cell. Upon information and belief, he continued with this conversation in an attempt to get Claimant aroused and/or get some form of reaction out of Claimant.

33. Once Sergeant Kreutz left and returned to his office Claimant followed and informed him that he was extremely offended by the conversation that had just taken place and would appreciate if he would refrain from having conversation with him like that in the future as it was inappropriate. Claimant believes that this harassment occurred as a result of Sergeant Kreutz's

9

perception of Claimant as a homosexual African-American male.

34. On November 20, 2006, Claimant again was seated at his desk and Sergeant Kreutz entered the room and began a conversation with Investigator Daryl Henderson about how the singer George Michael was caught performing oral sex on a another male in a public bathroom. Sergeant Kreutz turned to Claimant and asked if George Michael was circumcised or not. Claimant was so surprised by the question all he could say was "what??". Then Sergeant Kreutz made a hand gesture, as if Claimant's response to the question was because he did not hear the question. So, Claimant said "how am I supposed to know!?" Sergeant Kreutz noticed his embarrassment and laughed at Claimant. Claimant believes that this harassment occurred as a result of Sergeant Kreutz's perception of Claimant as a homosexual African-American male.

35. On January 3 and 11 ,2007 Claimant was reprimanded by Sergeant Kreutz for taking too long to conduct interviews and was advised that they are only to take forty-five (45) minutes. Claimant explained that he generally only takes forty-five (45) minutes, but at times and with circumstances beyond his control they may take a little longer. Claimant contends that this reprimand was retaliatory as a result of his complaints of the inappropriate sexual language/comments. Upon information and belief, other white Investigators are not reprimanded related to the length of their investigations. Furthermore, Investigator Henderson and Investigator Pierce also reprimanded Complainant for the length of his interviews based solely upon the representation of Sergeant Kreutz. This was also retaliatory in nature.

36. On January 18, 2007, and some time before then Sergeant Kreutz made unwanted advances towards Claimant by making comments about Claimant's eyes. Claimant ignored the first incident because of how uncomfortable it made him feel. However, after this incident occurred on

10

a second occasion, Claimant informed Sergeant Kreutz that he did not find the line of questioning humorous about his eyes and was embarrassed, uncomfortable and offended by this sexual harassment.

37.     On January 22, 2007, Claimant was present at a NYC Internal Affairs Bureau Training Course with Deputy UnderSheriff Linda LaGreca, when Deputy UnderSheriff ("DUS") LaGreca suggested that they go to lunch. During lunch DUS LaGreca accused Claimant of being biased in his reports. As the conversation progressed it became apparent that DUS LaGreca had never read any of Claimant's narratives and that DUS LaGreca was operating off of the misinformation of other investigators, including but not limited to Sergeant Kreutz. This was also retaliatory in nature.

38.     On January 24, 2007, DUS LaGreca reprimanded him because Sergeant Kreutz alleged that he had found some inappropriate notes in a few of his files. The notes were taken in the ordinary course of business and were related to his investigations. Upon information and belief, other white Investigators write similar notes in their files.

39.     On February 13, 2007, Claimant filed a formal complaint with DUS LaGreca regarding Sergeant Kreutz's sexual harassment. DUS LaGreca took no action and indicated that she would forward complaint to Elizabeth Loconsolo, the attorney for the Sheriff and the Affirmative Action Specialist at the time. Upon information and belief, both Sergeant Kreutz and Investigator Henderson were made aware of Complainant's sexual harassment claims and the retaliation continued and escalated. Complainant decided to withdraw the Complaint due to the fear of further retaliation.

40.     On February 26, 2007, while Claimant was on his way back to the squad

11

room after lunch Sergeant Kreutz and Investigator Henderson walked out of Sergeant Kreutz's office together. Investigator Henderson asked the Claimant to stand outside out of the squad room so that he could say something to Sergeant Kreutz and whoever else may have been present in the squad room. Investigator Henderson indicated his reason for asking Claimant to wait outside was because Investigator Henderson did not want to offend Claimant with any statements he intended to make. Upon information and belief, Claimant believes that the discussion was about his perceived sexual orientation and his complaints about Sergeant Kreutz regarding the sexual harassment.

41.     Since Claimant filed a formal complaint against Sergeant Kreutz there have been other incidents of retaliatory behavior and sexual harassment. On September 17, 2007 Claimant walked into the restroom to use the facility and Sergeant Kreutz was already there using a urinal. He turned toward Claimant when he walked in and said "don't worry I'll put it away!" referring to his penis. Claimant did not respond to the comment and promptly finished what he was doing and left the restroom. On September 27, 2007 Claimant again was discussing a case file with Sergeant Kreutz when Investigator Cuozzo was on his way out for the day. Investigator Cuozzo stopped in and said "ah salam alakim" out of respect because of the holiday Claimant replied "alakim ah salam". Sergeant Kreutz inappropriately and in a sexually harassing manner chimed in with "that's how I like to lick him".

42.     On October 9, 2007 Claimant filed a complaint with DUS LaGreca about Sergeant Kreutz's passing over of Claimant for overtime. Claimant had previously complained to Sergeant Saitta about being passed over by Sergeant Kreutz, as this was happening all year in 2007. No action was taken by DUS LaGreca or Sergeant Saitta.

43.     Furthermore, on October 31, 2007, Claimant complained to Sergeant Saitta

12

regarding the unfair treatment with regard to distribution of cases. Upon information and belief, Sergeant Saitta attempted to cover up the uneven work distribution of cases and never properly addressed the situation. Claimant believes that this was a result of retaliation and their perception of Claimant as a Homosexual African American male.

44.     On November 14, 2007, Claimant filed another complaint with EEO for sexual harassment and retaliation primarily against Sergeant Kreutz. On November 15, 2007, Mary Elisabeth Ostermann, the Director of EEO indicated that Claimant was to no longer report to Sergeant Kreutz. However, despite Ms. Ostermann's directives and despite the open investigation of the complaint made against Sergeant Kreutz, Claimant remained under his supervision and on November 28, 2007, Sergeant Kreutz rated Claimant with the lowest evaluation score of (3.05). The reasons set forth in the evaluation were without merit and could not be supported. Claimant believes his evaluation score rated low due to retaliation for the complaint filed.

45.     To date, including January 17, 2008, Claimant continues to be harassed by Sergeant Kreutz and Sergeant Kreutz continues to rally his subordinates, including but not limited to Investigator Henderson and Investigator Pierce against Claimant. In fact, another Investigator, Carl Gerrato, who defended Claimant and another Investigator has also been the subject of retaliation.

46.     On or about April 24, 2008, Sergeant Saitta advised Plaintiff to interview an inmate Following the Sergeant's instructions, Plaintiff did in fact interview the inmate. Plaintiff subsequently advised Sergeant Kreutz of his intention to set up an interview between the inmate and an outside agency and Sergeant Kreutz raised no objection.

47.     On or about April 29, 2008, Sergeant Kreutz reprimanded Plaintiff and advised him

13

not to set up interviews with outside agencies prior to informing him. Upon information and belief, this was a newly established directive for the purpose of harassing and discriminating against Plaintiff, as the policy in the past was contrary to that position. .

48.     On or about April 29, 2008, Sergeant Saitta also interfered with my scheduled interviews by advising me that I could not interview in the interview room, thereby impeding my ability to fulfill my duties an Investigator.

49.     On or about April 30, 2008, in retaliation for opposing discriminatory practices and the filing of the EEO Complaint, grievances and the Complaint with the SDHR and EEOC, Plaintiff was transferred from the Internal Affairs Department to the Bail Window.

50.     On or about May 21 2008, Plaintiff was improperly designated a sick leave abuser in retaliation for opposing discriminatory practices and the filing of the EEO Complaint, grievances and the Complaint with the SDHR and EEOC.

### AS AND FOR A FIRST COUNT
### Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e

51.   Plaintiff repeats and reiterates the allegations set forth in paragraph 1 through 50, inclusive of this Complaint, with the same force and effect as though herein fully set forth herein.

52.     Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK through their agents and employees and by the conduct set forth above, discriminated against the Plaintiff in his employment, vis-a-vis unequal terms and conditions and unequal opportunities for salary and advancement, based on Plaintiff's race (African-American), color, religion, perceived sexual

orientation, and in retaliation for his opposing such discriminatory practices, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

53.     As a direct result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of pay and other employment benefits and has suffered and continues to suffer distress, humiliation, embarrassment, psychological trauma requiring professional treatment, great financial expense and damage to his reputation.

54.     As a result of Defendants' aforesaid acts, Plaintiff is entitled to the maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000.00).

## AS AND FOR A SECOND COUNT
## TITLE VI, 42 U.S.C.2000(d)

55.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

56.     Upon information and belief, defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK receive federal financial assistance and funds for earmarked primarily for employment, and/or received federal funding for its educational programs.

57.     The above described discriminatory practices based on race, color and retaliation by Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, their agents and employees violates Title VI of

15

the 1964 Civil Rights Act and 42 U.S.C. § 2000 (d).

58.    As a direct result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of pay and other employment benefits and has suffered and continues to suffer distress, humiliation, embarrassment, psychological trauma requiring professional treatment, great financial expense and damage to his reputation.

59.    As a result of Defendants' aforesaid acts, Plaintiff is entitled to the maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000.00).

## AS AND FOR A THIRD COUNT
## 42 U.S.C. § 1981

60.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 60, inclusive of this complaint, with the same force and effect as though herein fully set forth.

61.    The above referenced conduct was part of a pattern and practice of discrimination, based on race and color, by Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA,CAPTAIN DUDEK all of which violates 42 U.S.C. §1981 as amended by the Civil Rights Restoration Act of 1991 (Publ. Law No, 102-406).

62.    Defendants continued the aforesaid discriminatory and retaliatory treatment of Plaintiff on a continuous, ongoing basis, and defendants' above alleged conduct was part of a systemic pattern and practice of discrimination (against Plaintiff and African-American, perceived

16

homosexual and Muslim workers), from 2007 through the present.

63.     As a direct result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, loss of career opportunities,  and has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

64.     As a result of defendants unlawful acts, plaintiff is entitled to the maximum monetary damages and penalties available by law, as well as costs, attorneys fees and punitive damages, together in excess of five million dollars ($5,000,000.00).

## AS AND FOR THE FOURTH COUNT
## 42 U.S.C. §1983 - FOURTEENTH AMENDMENT

65.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 64, inclusive of this complaint, with the same force and effect as though herein fully set forth.

66.     As set forth in detail by the above allegations, Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK together with their agents, servants and employees, acting collectively and individually, have engaged in actions and abuses, discriminatory and retaliatory conduct against Plaintiff in his employment, due to his race, color, religion, perceived sexual orientation and opposition to discrimination and speech of public concern.

17

67.     Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK committed the aforesaid unlawful acts and abuses while acting under color of law, and through the abuse of the authority and power of their individual positions within the defendant COUNTY OF NASSAU government.

68.     Defendants' systemic discrimination is an infringement upon and violation of Plaintiff's rights protected under the Fourteenth Amendment of the United States Constitution, and their retaliatory conduct, acts of intimidation and further denial of advancement to Plaintiff after he filed grievances about the Defendants' conduct, constituted punishment for expressing protected speech, thus further violating Plaintiff's First Amendment rights.

69.     Plaintiff, an African American male, has been treated differently from similarly situated White employees within the COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT and has been abused and violated because of his race, color, religion, perceived sexual orientation and opposition to discriminatory practices.

70.     As a direct result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

71.     Defendants' acts have caused the Plaintiff to suffer and has resulted in diminishing

18

his employment, loss of promotion, and the ability to advancement in his employment.

72.     As a result of defendants unlawful acts, plaintiff is entitled to the maximum

monetary damages and penalties available by law, as well as costs, attorneys fees and punitive

damages, together in excess of five million dollars ($5,000,000.00).

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1985

73.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 72,

inclusive of this complaint, with the same force and effect as though herein fully set forth.

74.     Each of the Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S

DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT

SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK knew and/or had

reason to know that their actions and inactions would deprive Plaintiff of equal protection under the

laws, yet the Defendants agreed and conspired with each other to deprive Plaintiff of such rights.

Said acts violate 42 U.S.C. §1985.

75.     As a result of said violations, Plaintiff suffered economic and severe emotional

damages and have suffered tremendous emotional distress, embarrassment, humiliation,

inconvenience, anxiety and frustration.

76.     Accordingly, Plaintiff seeks compensatory and punitive damages, in the sum of

not less than five million dollars ($5,000,000.00).

## AS AND FOR A SIXTH COUNT
### 42 U.S.C. § 1986

77.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 76,

inclusive of this complaint, with the same force and effect as though herein fully set forth.

78. Each of the Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK knew and/or had reason to know that their actions and inactions would deprive Plaintiff of equal protection under the laws, yet the Defendants agreed and conspired with each other to deprive Plaintiff of such rights. Said acts violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

79. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the discriminatory and retaliatory conduct against Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

80. COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK's failure to stop these wrongful actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

81. COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA knew or should have known that the aforementioned conduct was violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

82.     Said Defendants had and continue to have the power to prevent the continued due process violations against SHOMARI SAEED yet have failed to prevent them.

83.     That by reason of the foregoing, plaintiff has been subjected to emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation, embarrassment, inconvenience, anxiety and frustration and was prevented from attending his work and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of five million dollars ($5,000,000.00).

## AS AND FOR A SEVENTH COUNT
## Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq.

84.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 83 with the same force and effect as though fully set forth herein.

85.     Plaintiff was promised to be treated equally and fairly as it relates to overtime. Plaintiff was to be placed on a rotation list and given a certain amount of overtime as an Investigator for Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT.

86.     Contrary to its promise and obligation, Defendants did not properly give Plaintiff the required overtime .

87.     Plaintiff was also given certain guidelines as to how many sick days Plaintiff was entitled to. Plaintiff was also given certain guidelines as to when an Investigator is to be designated a Sick Leave Abuser.

88.     Contrary to its promise and obligation, Defendants did improperly designate Plaintiff

21

a Sick Leave Abuser.

89. Prior to the filing of this Complaint, the Plaintiff has filed a Complaint with the Public Employees Relations Board., alleging violations of the Fair Labor Standards Act, as amended.

90. Defendants' actions are willful as they have been provided notice of their wrongful and improper actions.

91. Defendants' willful refusal to abide with their obligations with no rational reason was a violation of the Fair Labor Standards Act of 1938, as amended.

92. Despite clear requests by Plaintiff to the Defendants for fulfillment of these obligations and the correction of the overtime and sick leave designation, the Defendants have willfully failed to comply with its obligations as articulated by the Fair Labor Standards Act and the United States Department of Labor.

93. The actions of Defendants are intentional and aimed at further damaging and injuring the Plaintiff in that they have refused to allow the Plaintiff to have overtime to which he is entitled and refused to remove the Sick Leave Designation.

94. A reasonable period of time has been given to the Defendants to allow them to comply with their obligations, however they have refused to do so.

95. Defendants' refusal to pay Plaintiff has subjected him to damages including but not limited to damage to his financial status, loss of credit, loss of good will, humiliation and embarrassment.

96. As a result of defendants' unlawful acts, plaintiff is entitled to the maximum monetary damages and penalties available by law, as well as costs, attorneys fees and punitive damages, together not less than five million dollars ($5,000,000.00).

22

## AS AND FOR A EIGHTH COUNT
## BREACH OF CONTRACT

97.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 96, with the same force and effect as though fully set forth herein.

98.    The Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK, extended an offer of employment to Plaintiff, which carried with it the implied promises that Plaintiff would be treated fairly and in good faith, and not discriminated against due to his race, color, religion, perceived sexual orientation or retlaiation during the course of his employment with the Defendants.

99.    At the time that Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK extended an offer of employment to Plaintiff, the terms and statements of the CSEA Collective Bargaining Agreement, as set forth for Plaintiff, contained written assurances, representations and promises by the DEFENDANTS that the COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT, their agents and employees would not unlawfully discriminate against Plaintiff, based on color, race, religion, perceived sexual orientation and retaliation during the course of Plaintiff's employment relationship with the Defendants.

100.    At the time of hire, Plaintiff was induced into accepting employment with Defendant COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT in lieu

23

of pursuing and accepting other employment opportunities; throughout the course of his employment, Plaintiff was further induced into continuing his employment with the Defendants, based in substantial part on the Defendants' specific promises and assurances (oral and express) that they would not discriminate against the Plaintiff, with respect to his employment conditions. Said promises and the Agreement thus constituted an implied employment contract, and created a duty of good faith and fair dealings on the part of Defendants.

101.    Defendants' implied promises/implied employment contract carried a duty to terminate the Plaintiff only in good faith, and further carried a duty not to discriminate against Plaintiff based on his race and color, or in retaliation for opposing discriminatory practices.

102.    The Plaintiff accepted the offer of employment with the Defendants, and relied to his detriment on the above stated assurances, promises, and implied employment contract not to discriminate against him with respect to terms and conditions of employment or cessation of employment.

103.    The Plaintiff performed in an above satisfactory manner throughout the duration of his employment with the Defendants COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT.

104.    The Defendants breached their duties to the Plaintiff under the implied contract when they discriminated and retaliated against the Plaintiff, failed to provide Plaintiff with proper salary grading or increases and diminished Plaintiff's opportunities for professional advancement, based on his race, color, religion, perceived sexual orientation, and his opposition to discriminatory practices.

105.    As a result of Defendants' acts, Plaintiff suffered and is entitled to a sum in excess

24

of five million dollars ($5,000,000.00).

## AS AND FOR A NINTH COUNT
### NYS EXECUTIVE LAW §296 (PENDENT STATE LAW CLAIM)

106.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 105, inclusive of this complaint, with the same force and effect as though herein fully set forth.

107.    Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK, together with their agents, servants and employees, acting collectively and individually, discriminated against the plaintiff in his employment, via denied opportunities for advancement, inequitable pay, hostile work environment, and unequal terms and conditions of employment, as set forth in the preceding paragraphs.

108.    The individual Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK together with their agents, servants and employees, acting collectively and individually, through the actions and conduct set forth in the preceding paragraphs, did aid and abet one another in permitting, condoning, and helping to execute the aforesaid pattern and practice, by COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT, of race, color, religion, perceived sexual orientation and retaliation based discrimination in employment, denied advancement or job opportunities, inequitable pay, a hostile work environment, and unequal terms and conditions of employment as visited upon Plaintiff, SHOMARI SAEED.

25

109. All of the aforementioned Defendants lacked any business reason or justification for their aforesaid disparate treatment of Plaintiff, and instead subjected Plaintiff to the above described adverse employment actions, based on plaintiff's race, color, religion, perceived sexual orientation and in retaliation for Plaintiff's filing of grievances and charges of discrimination, opposing discrimination, and voicing speech of public concern to the media.

110. Defendants continued the aforesaid discriminatory and retaliatory treatment of Plaintiff on a continuous, ongoing basis, and defendants' above alleged conduct was part of a systemic pattern and practice of discrimination (against Plaintiff and African-American workers), from 1994 through the present.

111. As a direct result of said acts, plaintiff SHOMARI SAEED has suffered and continues to suffer loss of income, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

112. As a result of defendants unlawful acts, Plaintiff is entitled to the maximum monetary damages and penalties available by law, including all compensatory damages available under NYS Executive Law Section 296.

113. The above discriminatory pattern and practice of based on race, color, religion, perceived sexual orientation and retaliation by Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA,

CAPTAIN DUDEK together with their agents, servants and employees, acting collectively and individually violates New York State Human Rights Law

114.    As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of status within his employment, loss of income, loss of employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, and damage to his reputation.

115.    Because of Plaintiff's race and color he has been subjected to abuse and mistreatment as detailed above and has been treated differently than White individuals in that Plaintiff has been treated as stated herein because of his race and color.

116.    As a result of Defendants' acts, Plaintiff suffered, and is entitled to damages sustained to date and continuing in excess of five million dollars ($5,000,000.00).

## AND AS FOR A TENTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (PENDENT STATE CLAIM)

117.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 116 of this complaint with the same force and effect as though fully set forth herein.

118.    Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK acted outrageously for their above-stated roles in the discrimination, harassment and retaliation against Plaintiff, SHOMARI SAEED.

119.    Said emotional harm was exacerbated by the continued discrimination and retaliation

against the Plaintiff, known by COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK to be without basis, yet prosecuted Plaintiff with the intention of causing extreme further harm and duress to the Plaintiff, SHOMARI SAEEED.

120.    The Defendants knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

121.    That by reason of the foregoing, plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment and has been damaged in the sum of Five   Million ($5,000,000.00) Dollars.

**AND AS FOR A ELEVENTH  COUNT**
**NEGLIGENCE (PENDENT STATE CLAIM)**

122.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 121 of this complaint with the same force and effect as though fully set forth herein.

123.    Defendants  COUNTY  OF  NASSAU,  NASSAU  COUNTY  SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK had a duty under 42 U.S.C. §§ 1983, 1985 & 1986, as well as under the Fourth, Fifth, Eighth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful harassment, discrimination, retaliation, as well as a duty to investigate, supervise

28

and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff SHOMARI SAEED.

124. In actively inflicting and failing to prevent the above stated abuses incurred by SHOMARI SAEED, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §§'s 1983, 1985, and by the Fourth, Fifth and Fourteenth Amendments of the Constitution.

125. The breach of duty under 42 U.S.C. § 1986 by Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SERGEANT JOSEPH KREUTZ, INVESTIGATOR HENDERSON, SERGEANT SAITTA, DEPUTY UNDERSHERIFF LINDA LAGRECA, CAPTAIN DUDEK was a direct and proximate cause of the harm suffered by Plaintiff SHOMARI SAEED. Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred.

126. That by reason of the foregoing, plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

29

## **PRAYER FOR RELIEF**

Plaintiff requests judgment as follows:

a. First Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

b. Second Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

c. Third Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

d. Fourth Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

e. Fifth Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

f. Sixth Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

g. Seventh Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

h. Eighth Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

i. Ninth Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

j. Tenth Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

k.    Eleventh Count: maximum monetary damages and penalties available by law, with costs, punitive damages and attorneys fees together in excess of five million dollars ($5,000,000), pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

l.    A declaratory judgment stating that Defendants wilfully violated Plaintiff's rights secured by federal and state laws as alleged herein;

m.    Injunctive relief: an injunction requiring Defendants to correct all present and past violations of federal and state law as alleged herein; to allow the Plaintiff to continue in the position that he currently possesses at the proper salary scale and grade; to require the Defendants to retroactively pay all monies owed for overtime; to remove Plaintiff from Sick Leave Abuser list and remove all references to designation from his file; to enjoin the Defendants from continuing to act in violation of federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws; and

n.    An order granting such other legal and equitable relief as the court deems just and proper.

Dated: Hempstead, New York
       July 29, 2009

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
    VALERIE M. CARTRIGHT (VC-7327)
    *Attorneys for Plaintiff*
    50 Clinton Street, Suite 501
    Hempstead, New York  11550
    Tel: (516) 489-6959

31